UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| WILLIAM SCOTT DAVIS, JR., | Case No. 23-CV-0651 (PJS/DJF) |
| Petitioner, | |
| v. | |
| | ORDER |
| JARED RARDIN, Warden FMC Rochester; COLETTE S. PETERS, F.B.O.P. Director; and MERRICK GARLAND, US AG, | |
| Respondents. | |

---

Petitioner William Davis was convicted and sentenced in the United States District Court for the Eastern District of North Carolina and is currently incarcerated at FMC-Rochester. He seeks habeas relief under 28 U.S.C. § 2241, contending that his conviction and sentence are unlawful.

This matter is before the Court on Davis's objection to the April 10, 2023 Report and Recommendation ("R&R") of Magistrate Judge Dulce J. Foster.[1] Judge Foster recommends dismissing this action without prejudice for lack of jurisdiction. Specifically, Judge Foster concluded that Davis failed to show that a motion in the

---

[1] Davis has also filed a number of motions, some of which reiterate the arguments made in his objection to the R&R, others of which seek relief that is now moot in light of the Court's dismissal of his habeas petition, and yet others of which relate to arguments relevant to another of his pending cases (but not to this case). Accordingly, all of Davis's motions are denied.

sentencing court under 28 U.S.C. § 2255 would be "inadequate or ineffective to test the legality of his detention," *id.* § 2255(e), and that therefore this Court lacks jurisdiction over his § 2241 petition. The Court has conducted a de novo review. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Based on that review, the Court agrees with Judge Foster's conclusion that it lacks jurisdiction (although the Court does not agree with all of her reasoning). The Court therefore dismisses this action without prejudice.

Davis first objects that he did not consent to the magistrate judge's exercise of jurisdiction. That is true, but it does not matter.

> Under [28 U.S.C. § 636(b)], a district court may refer motions—including motions to dismiss—to magistrate judges without the parties' consent. *See Nnaji v. United States*, 370 F. App'x. 750, 751 (8th Cir. 2010) (unpublished) ("[Plaintiff's] consent was not required for the magistrate judge to conduct proceedings under 28 U.S.C. § 636(b)(1)(B). . . ."). A magistrate judge cannot *dispose* of a dispositive motion without the consent of the parties, but the parties need not consent before a magistrate judge is asked to make a *recommendation* about the disposition of a dispositive motion.

*Friend v. Fryberger, Buchanan, Smith & Frederick, P.A.*, No. 11-CV-1584 (PJS/LIB), 2012 WL 503796, at *2 (D. Minn. Feb. 14, 2012); *see also Grover–Tsimi v. Minnesota*, 449 Fed. App'x 529, 531 (8th Cir. 2011) (per curiam) ("Finally, this court rejects Grover-Tsimi's argument that her consent was needed before the magistrate judge could rule on non-dispositive matters and submit recommendations.").

As to the merits, Davis contends that a § 2255 motion is "inadequate or ineffective" because (1) the sentencing court improperly construed a filing of his as a motion under § 2255 without giving him the warnings required by *Castro v. United States*, 540 U.S. 375 (2003), and (2) that court has since refused to docket any additional § 2255 motions that he has submitted.

A review of Davis's underlying criminal case demonstrates that the factual premise of Davis's argument is false.[2]  *See United States v. Davis*, 5:14-CR-0240-D-1 (E.D.N.C. filed Oct. 15, 2014).  While it is true that the sentencing court in Davis's underlying criminal case has restricted Davis's ability to file additional § 2255 motions, *see id.* ECF Nos. 1091, 1103,[3] that court did not improperly recharacterize Davis's earlier filing as a § 2255 motion.  Instead, Davis himself explicitly labeled his filing as a motion under § 2255.  *Id.* ECF No. 1046.

Davis contends that, rather than being a § 2255 motion, his filing was simply a notice that, months earlier, he had hand-delivered a § 2255 motion to prison officials, but prison officials had failed to forward it to the court.  Davis's filing does indeed make this allegation, presumably to justify the application of equitable tolling, as the

---

[2]The Court may take judicial notice of public court records.  *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005).

[3]The Court notes that Davis's underlying criminal case has more than 1,100 docket entries, which undoubtedly explains the filing restriction.

one-year statute of limitations in § 2255(f)(1) had already expired. But the filing is clearly labeled a § 2255 motion, and the contents of the filing—in particular, the numbered claims asserting various substantive errors and constitutional violations in the prosecution of his criminal case—are entirely consistent with the filing being a § 2255 motion, and inconsistent with the filing being mere notice of the failure of prison officials to deliver an earlier § 2255 motion. *Id.* *Castro* is therefore inapplicable, as it concerns the practice of *re*characterizing a motion that is *not* brought under § 2255. *See Castro*, 540 U.S. at 382 (discussing the issue of "recharacterizing as a first § 2255 motion a *pro se* litigant's filing *that did not previously bear that label*" (emphasis added)).

Because Davis did not use the standard form for § 2255 motions, the sentencing court gave him 30 days to submit a substitute § 2255 motion using the proper form and warned Davis that, if he did not submit a completed § 2255 form by the deadline, the court would proceed to consider his original § 2255 motion. *Davis*, 5:14-CR-0240-D-1, ECF No. 1066 at 6, 9. In other words, the court ensured that Davis had an opportunity to fix any problems in his original § 2255 motion and to include any additional claims that he wished to assert. After Davis failed to take advantage of this opportunity,[4] the

---

[4]Pointing to a § 2255 motion that he *dated* March 4, 2022, Davis seems to suggest that he complied with the court's directive (or else coincidentally happened to file a § 2255 motion dated the same day as the court's order requiring him to use the § 2255 form). ECF No. 9-1; *see e.g.*, ECF No. 14 ¶¶ 2, 10. That motion was filed on the docket in his criminal case (and then later marked as stricken). *Davis*, 5:14-CR-0240-D-1, ECF
(continued...)

court then reviewed and denied Davis's original § 2255 motion, and the Fourth Circuit denied Davis's request for a certificate of appealability. *Id.* ECF Nos. 1080, 1117. Contrary to Davis's argument, the sentencing court reviewed the merits of his motion, held that Davis had failed to allege sufficient facts to state any claims, and denied his motion with prejudice. *Id.* ECF No. 1080.

Finally, Davis alleges that he tried to withdraw his original § 2255 motion but was not permitted to do so because of the filing restriction imposed by the sentencing court. (Davis further alleges that, due to the filing restriction, his attempted withdrawal does not appear on the docket.) But Davis does not explain how the refusal to allow him to withdraw his original § 2255 motion renders the § 2255 remedy inadequate or ineffective. Again, the sentencing court, upon review of Davis's initial § 2255 motion, gave him the opportunity to file a substitute § 2255 motion on the proper form and to add any claims that he wanted to include. As a practical matter, then, Davis had the opportunity to "withdraw" his initial motion simply by filing a substitute motion, which would have replaced the initial motion.

As noted, at this point, Davis was already well past the statute of limitations in § 2255(f)(1). *Id.* ECF No. 961 (writ of certiorari denied on December 7, 2020); *id.* ECF

---

[4](...continued)
No. 1091. But the motion was *postmarked* June 2, 2022—after the court had already denied Davis's original § 2255 motion and well past the 30-day window that the court had given him for filing a substitute § 2255 motion on the appropriate form.

No. 1046 (initial § 2255 motion docketed on February 22, 2022); *Campa-Fabela v. United States*, 339 F.3d 993, 993–94 (8th Cir. 2003) (per curiam) (one-year period under § 2255(f)(1) began running on date certiorari was denied). At best, then, Davis is complaining that § 2255 is an inadequate remedy because, after receiving Davis's untimely § 2255 motion, the sentencing court gave him only 30 days to file a substitute § 2255 motion instead of letting him withdraw the original untimely motion so that he could later file an even more untimely motion. This course of events does not establish that § 2255 is an inadequate or ineffective remedy. Nor does the sentencing court's restriction on filing additional § 2255 motions render that remedy inadequate or ineffective, as that restriction has no practical effect on Davis. Whether or not he is under a filing restriction, Davis will be able to file another § 2255 motion if he gets the permission of the Fourth Circuit and he will not be able to file another § 2255 motion if he does not get the permission of the Fourth Circuit. 28 U.S.C. § 2255(h); 28 U.S.C. § 2244(b)(3)(A).

For these reasons, the Court dismisses Davis's § 2241 petition for lack of jurisdiction.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. The Report and Recommendation [ECF No. 8] is ADOPTED insofar as it is consistent with this order.

2. Petitioner's objection [ECF No. 12] is OVERRULED.

3. This action is DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

4. All other pending motions are DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: May 9, 2023                           s/Patrick J. Schiltz
                                             Patrick J. Schiltz, Chief Judge
                                             United States District Court